NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

NOV 17 2017

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| INDEPENDENT PARTY and WILLIAM LUSSENHEIDE, <br><br> Plaintiffs-Appellants, <br><br> v. <br><br> ALEJANDRO PADILLA, AKA Alex, Secretary, State of California, <br><br> Defendant-Appellee. | No.   16-15895 <br><br> D.C. No. 2:16-cv-00316-WBS-CKD <br><br> MEMORANDUM[*] |

Appeal from the United States District Court
for the Eastern District of California
William B. Shubb, District Judge, Presiding

Submitted November 13, 2017[**]
San Francisco, California

Before:  GOULD and MURGUIA, Circuit Judges, and GRITZNER,[***] District
Judge.

The issue in this case is whether the district court correctly concluded that

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

[***]      The Honorable James E. Gritzner, United States District Judge for the Southern District of Iowa, sitting by designation.

Secretary Padilla did not violate plaintiff-appellants' First and Fourteenth Amendment rights when he denied them official political body status before the 2016 general elections. Plaintiff-appellants consist of the "Independent Party," an unofficial political party headquartered in California, and one of its members, William Lussenheide. In 2015, plaintiff-appellants' submitted an official notice of intent to qualify as an official political party to California's Secretary of State Alejandro Padilla.

California Elections Code § 5001(a) provides that a group of electors wishing to qualify a new political party may form a party by holding a caucus or convention "at which temporary officers shall be elected and a party name designated." Section 5001(a) goes on to provide: "The designated name shall not be so similar to the name of an existing party so as to mislead the voters, and shall not conflict with that of any existing party or political body that has previously filed notice pursuant to subdivision (b)." Relying on § 5001(a), Secretary Padilla denied the Independent Party's notice of intent to qualify because plaintiff-appellants' proposed name was too similar to that of an already existing official political party named the "American Independent Party." Plaintiff-appellants' filed suit, claiming that Secretary Padilla violated their First and Fourteenth Amendment rights by applying § 5001(a) to deny their notice for official political party status.

State regulations "imposing severe burdens on plaintiffs' rights must be narrowly tailored and advance a compelling state interest." *Timmons v. Twin Cities Area New Party*, 520 U.S. 351, 358 (1997). "Lesser burdens, however, trigger less exacting review." *Id.* Indeed, a state's "'important regulatory interests' will usually be enough to justify 'reasonable, nondiscriminatory restrictions.'" *Id.* (quoting *Burdick v. Takushi*, 504 U.S. 428, 434 (1992)).

Here, Secretary Padilla's application of § 5001(a) did not severely burden plaintiff-appellants' rights. Section 5001(a) does not prevent plaintiff-appellants' from organizing, it does not regulate their internal affairs, and it applies equally to both major and minor political parties. *See Anderson v. Celebrezze*, 460 U.S. 780, 791–94 (1983); *Timmons*, 520 U.S. at 361. Because Secretary Padilla's application of § 5001(a) did not severely burden plaintiff-appellants' rights, the court applies a less exacting review to determine whether California's interests justify Secretary Padilla's application of § 5001(a) in this case.

Secretary Padilla asserts that the name "Independent Party" is too similar to an already existing official political party, the "American Independent Party." Moreover, California has reserved the label "Independent" for presidential and vice-presidential candidates who qualify for the ballot through an independent nomination process. *See* Cal. Elec. Code § 13105(c). According to Secretary Padilla, California has an interest in avoiding confusion and deception at the polls

that justifies the application of § 5001(a) to prevent plaintiff-appellants' from officially registering as the "Independent Party" in this case. The Supreme Court has recognized that avoiding confusion, deception, and frustration in connection with the democratic process are important state interests. *See Jenness v. Fortson*, 403 U.S. 431, 442 (1971). Therefore, California's interest in avoiding confusion and deception in connection with the general election qualifies as an important regulatory interest that justifies Secretary Padilla's application of § 5001(a) to deny the Independent Party official political party status in this case.

**AFFIRMED.**